**Thomas BELLAMY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,**

and

**Washington Metropolitan Area Transit
Authority, Intervenor.**

No. 96–AA–881.

District of Columbia Court of Appeals.

Submitted Sept. 16, 1997.

Decided Dec. 30, 1997.

---

Before WAGNER, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

## ORDER DISMISSING PETITION FOR REVIEW

Petitioner, Thomas R. Bellamy, filed a claim for workers' compensation pursuant to the District of Columbia Workers' Compensation Act of 1979, D.C.Code §§ 36–301 through –345 (1997). After a formal hearing, a hearing examiner awarded petitioner temporary total disability benefits from July 1, 1995 to October 2, 1995 and related expenses. On February 1, 1996, Bellamy's employer, intervenor Washington Metropolitan Area Transit Authority (WMATA), filed an application for review with the Director of the Department of Employment Services (DOES). The Director failed to issue a decision within forty-five days from the date of WMATA's application. On July 8, 1996, Bellamy filed a petition for review in this court, contending that the hearing examiner's decision became final pursuant to D.C.Code § 36–322(b)(2) (1997), which provides that where the final decision on application for review before the agency is not rendered within forty-five days, "the compensation order shall be considered a final decision for purposes of appeal...."

Pursuant to an order of this court, the parties filed supplemental briefs to address whether this court has jurisdiction to review Bellamy's claim. Specifically, the parties were directed to address:

whether, under the circumstances of this case, the party prevailing under the order may be considered a party "who is adversely affected or aggrieved by a compensation order," within the meaning of D.C.Code § 36–322(b)(3).[1]

Since we conclude, and Bellamy concedes, that he is not an aggrieved party within the meaning of the statute, this court lacks jurisdiction to review Bellamy's claim. Bellamy prevailed in proceedings before the agency in his claim for temporary total disability benefits and medical costs, which WMATA paid. Although Bellamy claimed initially that he was aggrieved because a claim for permanent disability benefits could not be filed pending a final decision from the Director, he now concedes that a remedy is available through a request for leave to adduce additional evidence under D.C.Code § 36–322(b)(2). Bellamy argues, however, that he would be adversely affected in this case contingent upon the outcome of a claim of permanent disability which he may file. Such a hypothetical or speculative possible injury is not of the character required to make Bellamy an aggrieved party for purposes of jurisdiction. *See District Intown Properties, Ltd. v. District of Columbia Dep't of Consumer and Regulatory Affairs*, 680 A.2d 1373, 1377 (D.C.1996); *Lee v. District of Columbia Bd. of Appeals*, 423 A.2d 210, 217 (D.C.1980).

For the foregoing reasons, the petition for review hereby is dismissed.

*So ordered.*

---

1. The parties were also asked to address: whether this court has jurisdiction to hear this appeal where the compensation order became final for purposes of appeal because the Director of the Department of Employment Services (DOES) failed to render a decision within forty-five days of WMATA's request for review, *see* D.C.Code § 36–322, but petitioner did not petition for review of the decision until more than thirty days after the order became final, *see* D.C.App. R. 15(a).

In light of our disposition, we need not address this issue.